IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| RASHAWNA GREENE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 124-056 |
| | * | |
| AKAMBIRE, LLC; JOSE BRUNIS; and RAJA MOSS, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Before the Court is Plaintiff's renewed motion to remand.[1] (Doc. 44.) For the following reasons, Plaintiff's motion to remand is **GRANTED**.

**I. BACKGROUND**

Plaintiff brought this action against Defendants Akambire, LLC; Southwind Risk Retention Group, Inc.; and Jose Brunis on March 27, 2024, in the State Court of Richmond County claiming damages for injuries sustained in a motor vehicle collision. (Doc. 1-1.) On April 29, 2024, Defendant Brunis removed the matter to this

---

[1] Plaintiff filed a motion to remand (Doc. 31) and a renewed motion to remand (Doc. 44). Because the substance of the former motion is included within the renewed motion, the Court construes the renewed motion to remand (Doc. 44) as the operative motion and **DENIES AS MOOT** the original motion to remand (Doc. 31).

Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1, at 1.) Specifically, Defendant Brunis asserted this Court had subject matter jurisdiction over the action because the amount in controversy exceeded $75,000 and complete diversity existed between Plaintiff, a South Carolina resident, and all named defendants. (Id. at 1-2.)

After removal, Defendant Southwind Risk Retention Group, Inc. was dismissed from the action (Doc. 20), and Plaintiff filed an amended complaint adding Defendant Raja Moss, a South Carolina resident, as a party (Doc. 25, at 1-2). Plaintiff then promptly moved to remand the case on the grounds that there was no longer complete diversity. (Doc. 31, at 2.) While Plaintiff's motion was pending before the Court, Defendant Moss filed an answer to the amended complaint (Doc. 36) and Plaintiff subsequently filed a renewed motion to remand on the same grounds (Doc. 44). No responses have been filed to either of Plaintiff's motions to remand. Further, the Parties jointly represent that Plaintiff's motion to remand is unopposed and they "anticipate that the Court will remand the case in the near future." (Doc. 45, at 1.) Plaintiff's motion to remand is now ripe for the Court's review.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute,

which is not to be expanded by judicial decree." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994) (citations omitted). As such, a defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). Traditionally, federal district courts have original jurisdiction over civil actions in two scenarios: (1) federal question jurisdiction, in which the action "aris[es] under the Constitution, laws, or treaties of the United States"; and (2) diversity jurisdiction actions, "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. §§ 1331, 1332(a).

On a motion to remand, the removing party bears the burden of establishing federal jurisdiction. <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). Removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand. <u>Mann v. Unum Life Ins. Co. of Am.</u>, 505 F. App'x 854, 856 (11th Cir. 2013) (citation omitted). Importantly, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

3

### III. DISCUSSION

Defendant Brunis removed the case to this Court on diversity jurisdiction grounds. (See Doc. 1, at 1-2.) Thus, subject matter jurisdiction exists if the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a). Complete diversity requires that "no two adverse parties are citizens of the same state." Ranbaxy Lab'ys Inc. v. First Databank, Inc., 826 F.3d 1334, 1338 (11th Cir. 2016) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)). "The party seeking to invoke a federal forum traditionally bears the burden of persuasion on jurisdictional issues such as establishing the citizenship of the parties." Life of the S. Ins. Co. v. Carzell, 851 F.3d 1341, 1344 (11th Cir. 2017) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994)).

Plaintiff asserts there is no longer complete diversity because Plaintiff and Defendant Moss are both citizens of South Carolina. (Doc. 44, at 2-3.) For an individual, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Thus, to properly allege the citizenship of an individual, a party must allege both residence in a state and "an intention to remain there indefinitely." Id. at 1258. Residence alone is not enough. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th

4

Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").

Plaintiff's motion to remand is unopposed. (Doc. 45, at 1; see Local Rule 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.") On the merits of the motion, it is undisputed that both Plaintiff and Defendant Moss are domiciled in South Carolina. (Doc. 25, at 1-2; Doc. 36, at 5.) Thus, because "two adverse parties are citizens of the same state," complete diversity no longer exists. Ranbaxy Lab'ys Inc., 826 F.3d at 1338. Because there is not complete diversity, this Court lacks subject matter jurisdiction over the action, and Plaintiff's motion to remand is **GRANTED**.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to remand (Doc. 44) is **GRANTED**. The Clerk is **DIRECTED** to **REMAND** this case to the State Court of Richmond County, Georgia. The Clerk is further **DIRECTED** to **TERMINATE** all remaining pending motions, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 4th day of December, 2024.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```